1
2
3
4
5
6
7
8
9
10

11         UNITED STATES DISTRICT COURT
12         CENTRAL DISTRICT OF CALIFORNIA
13              WESTERN DIVISION
14

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNET TRANSACTION SERVICES, INC., et al.,<br><br>    Defendants. | Civil Case No. <u>21-6582-JFW (KSx)</u><br><br>**PRELIMINARY INJUNCTION WITH ASSET FREEZE, RECEIVER, AND OTHER EQUITABLE RELIEF** |

On August 13, 2021, Plaintiff United States of America (the "United States") filed its Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Equitable Relief (the "Complaint") pursuant to 18 U.S.C. § 1345, alleging that Defendants violated 18 U.S.C. §§ 1343, 1344, and 1349.  The United States also filed an Ex Parte Application for (1) a Temporary Restraining Order With Asset Freeze, Appointment of a Temporary Receiver, Other Equitable Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue, and (2) an Order Waiving Notice Requirement (Docket No. 18).

On August 20, 2021, the Court issued its Order Granting *Ex Parte* Application for (1) Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue (2) Order Waiving Notice Requirement (Docket No. 19).  The Court set a hearing on the Order to Show Cause for September 3, 2021 at 8:00 a.m.

As set forth more fully in the Declaration of Michael J. Wadden Regarding Notice and Service (Docket No. 28), the United States provided notice of the Temporary Restraining Order and hearing on the Order to Show Cause to all defendants, i.e., Defendants Internet Transaction Services, Inc.; Intertrans.com, Inc.; Edward Courdy; Michael Young; Guy Benoit; Jenny Sullivan; John Murphy; Steven Morgan; Harold Sobel; Randy Grabeel; Eric Bauer; Debra Vogel; Evelyn Seidman; Jennifer Ash; Be a Kloud LLC; Blue Water LLC; CBX International Inc. (Delaware); CBX International Inc. (Florida); Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC; Eastgate View LLC; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC (collectively, "Defendants").  According to Mr. Wadden and the Proofs of Service filed on September 1, 2021 (Docket Nos. 22-27), the United States has also completed service pursuant to Federal Rule of Civil Procedure 4 on Defendants Internet

Transaction Services, Inc.; Intertrans.com, Inc.; Edward Courdy; Michael Young; Jenny Sullivan; Harold Sobel; Randy Grabeel; Evelyn Seidman; Be a Kloud LLC; Blue Water LLC; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Delta Cloud LLC; Eastgate View LLC; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; and Storage VPN LLC.

## FINDINGS OF FACT AND STATEMENT OF DECISION

The Court, having considered the Complaint, the TRO Application, the Memorandum of Points and Authorities filed in support thereof (the "Memorandum" or "Mem.") and the Exhibits thereto, and being otherwise advised, finds that:

A.  This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.  There is good cause to believe that all Defendants have engaged in and are likely to engage in acts or practices that violate 18 U.S.C. §§ 1343, 1344, and 1349, and that the United States is, therefore, likely to prevail on the merits of this action. The evidence submitted with the government's Memorandum, including the Declaration of Postal Inspector Ashlea Bowens and the exhibits thereto (the "Bowens Declaration"), demonstrates that all Defendants have taken part in a multi-year fraud scheme through which Defendants have stolen millions of dollars from American consumers and their federally insured financial institutions by making unauthorized debits against consumers' bank accounts. *See*, *e.g.*, Bowens Decl. ¶¶ 8, 87. The evidence reflects that: (1) Defendants Benoit and Courdy have led and organized the fraud scheme, *see*, *e.g.*, Bowens Decl. ¶¶ 9–10, 15, 37, Exs. 1–2, 4, 32; (2) Defendants Morgan, Murphy, Sullivan, and Young have intentionally caused fraudulent debits to be made against consumers' accounts and have engaged in deceptions to hide the fraudulent debits from banks,

2

consumers, and payment processors, *see, e.g.*, Bowens Decl. ¶¶ 34, 41, 72, 77–79, 85, Exs. 3, 7, 30–31, 34, 36–37; (3) Defendants Sobel, Grabeel, Bauer, Vogel, Seidman, and Ash have registered sham entities for use in the scheme, opened bank accounts in the names of those sham entities, provided Benoit control of those accounts for use in the scheme, and otherwise assisted Benoit in the fraud scheme, *see* Bowens Decl. ¶¶ 12, 53–69, Exs. 16–24, 27–29; (4) the Corporate Entities have all been used in furtherance of the scheme and (with the possible exception of Intertrans) appear to lack any legitimate function, *see, e.g.*, Bowens Decl. ¶¶ 11, 38, 76, Ex. 25.

    C.    There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of 18 U.S.C. §§ 1343, 1344, and 1349 unless they are restrained and enjoined by order of this Court. *See* Mem. at 18–23 (summarizing evidence establishing likelihood of irreparable harm).

    D.    Good cause exists for freezing the assets of the Corporate Entities and Defendant Bauer. *See* 18 U.S.C. § 1345(a)(2)(B)(i) (authorizing the Court to freeze a defendant's assets where there is evidence that the defendant "is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a banking law violation"); Bowens Decl. ¶¶ 64–65, 89–92, Exs. 25–26, 45 (demonstrating that assets held by these Defendants are the proceeds of bank fraud, which Defendants are likely to attempt to alienate).

    E.    Good cause exists for appointing and maintaining a temporary receiver over Intertrans. *See* 18 U.S.C. § 1345(a)(2)(b)(ii) (authorizing the Court to appoint a receiver); *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (discussing the relevant factors in determining whether to appoint a receiver); Mem. at 21–23 (summarizing evidence supporting receivership).

    F.    Weighing the equities and considering the United States' likelihood of ultimate success on the merits, a preliminary injunction is in the public interest.

    G.    This Court has authority to issue this Order pursuant to 18 U.S.C. §

3

1345 and Fed. R. Civ. P. 65.

H. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "Intertrans" means Internet Transaction Services, Inc. and Intertrans.com, Inc.

C. "Corporate Entities" means Defendants Internet Transaction Services, Inc.; Intertrans.com, Inc.; and each of the "Shell Entities" defined below.

D. "Defendant(s)" means all the individuals and entities named as Defendants in the Complaint, individually, collectively, or in any combination.

E. "Document" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a).

F. "Receiver" means the temporary receiver appointed in Section III of this Order and any deputy receivers that shall be named by the temporary receiver.

G. "Receivership Entities" means Intertrans as well as any other entity that has conducted any business related to Intertrans' participation in the scheme that is the subject of the Complaint in this matter, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by Intertrans.

H. "Receivership Property" means any Assets, wherever located, that are: (1) owned, controlled, or held by or for the benefit of the Receivership Entities, in whole or in part; (2) in the actual or constructive possession of the Receivership Entities; or (3) owned, controlled, or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership,

trust, or other entity directly or indirectly owned or controlled by the Receivership Entities.

      I.      "Shell Entities" means Defendants Be a Kloud LLC; Blue Water LLC; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC; Eastgate View LLC; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC.

## ORDER

### I. PROHIBITED ACTIVITIES AND OBLIGATIONS

      IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from:

      A.      Committing or conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

      B.      Committing or conspiring to commit bank fraud, as defined by 18 U.S.C. §§ 1344 and 1349;

      C.      Charging or debiting any person or entity on behalf of any Shell Entities or for the purported purchase of any Shell Entities' services;

      D.      Debiting funds from consumers' bank accounts without their prior authorization;

      E.      Incorporating or creating any corporate entity for the purpose of debiting funds from consumers' bank accounts without their prior authorization;

      F.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, IP address, or other financial or

identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order;

  G. Creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, without first providing the United States with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; and

  H. Destroying, deleting, moving, removing or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Defendants; and failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

  IT IS FURTHER ORDERED that each Defendant shall provide to the United States, within seven (7) days of receiving a copy of this Order, a list of all corporate entities for which they are registered with any governmental entity as a manager, officer, registered agent, incorporator, or in any similar capacity. Each Defendant shall also provide a list of all fictitious business names that they have registered with a government entity or otherwise used.

**II. ASSET FREEZE**

  IT IS FURTHER ORDERED that, except as otherwise specified herein, the Assets of the Corporate Entities, Receivership Entities, and Defendant Bauer are frozen until further notice of this Court. Accordingly, all persons and entities with direct or indirect control over any of Corporate Entities', Receivership Entities', or Defendant Bauer's Assets, including any financial or brokerage institution, bank, payment processor, business entity, or person, who receives actual notice of this Order (by service or otherwise) shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; and

B. Deny any person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Corporate Entity, Receivership Entity, or Defendant Bauer, or otherwise subject to access by any Corporate Entity, Receivership Entity, or Defendant Bauer.

IT IS FURTHER ORDERED that the Corporate Entities, Receivership Entities, and Defendant Bauer, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order (by service or otherwise), are hereby preliminarily restrained and enjoined from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any of a Corporate Entity's, Receivership Entity's or Defendant Bauer's Assets.

IT IS FURTHER ORDERED that each Defendant shall provide to the United States, within seven (7) days of receiving a copy of this Order, a list of all accounts, including savings, checking, investment, and merchant accounts held in the name of a Corporate Entity, for which the Defendant is an accountholder, signatory, beneficiary, or over which the Defendant otherwise has control. Each Defendant shall also provide a list of all Assets held or controlled by the Defendant in the name of a Corporate Entity. In addition to identifying each such account or Asset, each Defendant shall also provide the balance of each such account, or a description of the nature and value of each such Asset. Defendant Bauer shall provide to the United States, within seven (7) days of receiving a copy of this

7

Order, the same information regarding all bank, savings, checking, and investment accounts for which he is the accountholder, signatory, beneficiary, or over which he otherwise has control.

This Section does not prohibit any transfers to the Receiver required by this Order.

## III. RECEIVERSHIP

### A. APPOINTMENT OF A RECEIVER

IT IS FURTHER ORDERED that, as set forth in the Temporary Restraining Order, Thomas W. McNamara shall serve as temporary receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

### B. RECEIVERSHIP POWERS AND DUTIES

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

1. Take exclusive custody, control, and possession of all Receivership Property, and Documents and Assets in the possession, custody, or control of any Receivership Entity, wherever situated, except those assets seized by the United States pursuant to a valid order of a court. The Receiver shall have full power to divert mail, and to sue for, collect, receive, take in possession, hold, and manage all Receivership Property; provided, however, the Receiver shall not attempt to collect any amount from a person if the Receiver believes the person was a victim of the wire or bank fraud scheme alleged in the Complaint in this matter;

2. The Receiver shall also assume control over all of the Receivership Entities' ongoing business operations, including those in which the Receivership Entities have a controlling interest. With regard to these business operations, the Receiver shall:

8

a. Assume full and exclusive control of the operations of the Receivership Entities, removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Entities from control of, management of, or participating in, the business affairs of each of the Receivership Entities;

b. Take all steps necessary or desirable to secure the business premises of the Receivership Entities. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (i) completing a written inventory of all assets; (ii) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (iii) videotaping all portions of the above-referenced business locations; (iv) securing the above-referenced business locations by changing the locks and disconnecting any Internet service or other means of access to the computer or other records maintained at the locations;

c. Manage, administer, and conduct the operations of the ongoing legitimate business operations of the Receivership Entities, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary; and

d. Choose, engage, and employ attorneys, accountants, appraisers, property managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of the Receivership Entities, as the Receiver deems advisable or necessary in the performance

of duties and responsibilities under the authority granted by this Order;

3. If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its Assets and records, if the Receiver determines that notice to the entity may result in the destruction of records, dissipation of Assets, or any other obstruction of the Receiver's control of the entity;

4. Defend, compromise, or settle legal actions wherein the Receiver or any of the Receivership Entities is a party commenced prior to or subsequent to this Order with the authorization of this Court. The Receiver may waive attorney-client privilege held by any of the Receivership Entities;

5. Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

6. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems

necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

7. Maintain accurate records of all receipts and expenditures incurred as Receiver;

8. Coordinate with the United States and Court personnel as needed to ensure that any Assets subject to the terms of this Order are available for criminal restitution, forfeiture, or other legal remedies in proceedings commenced by or on behalf of the United States;

9. Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency; and

10. File a status report every 60 days with the Court.

The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

**C.    COOPERATION WITH THE RECEIVER**

IT IS FURTHER ORDERED that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of Receivership Property or records relating to Receivership Property, or other records relating to the Receivership Entities; who receive actual notice of this Order, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, passwords, and all other means required to access any computers, electronic devices, mobile devices, machines (onsite or remotely), and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to

any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Receivership Property and sales of the Receivership Entities.

### D. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that Defendants and any other person with possession, custody or control of Receivership Property shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Receivership Property. This shall include, but not be limited to, immediately providing, transferring, or delivering to the Receiver possession, custody, and control of:

1. All Assets held by or for the benefit of the Receivership Entities;
2. All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;
3. All Documents of or pertaining to the Receivership Entities;
4. All computers, electronic devices, mobile devices, and machines used to conduct the business of the Receivership Entities;
5. All keys, codes, user names, passwords, and all other means of authentication necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, mobile phones, accounts, computer systems (onsite and remote), electronic data hosts, or other property.

Provided that nothing in this Section shall be construed to require the United States or a law enforcement agency to transfer Assets, Receivership Property, or Documents to the Receiver that it has seized pursuant to a valid order of a court.

In the event that any person or entity fails to deliver or transfer any Asset, Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

E.   PROVISION OF INFORMATION TO RECEIVER

IT IS FURTHER ORDERED that, to the extent they have not already done so, the Receivership Entities shall immediately provide to the Receiver:

> 1. A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;
> 2. A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and
> 3. A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

F.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

IT IS FURTHER ORDERED that any financial or brokerage institution, bank, payment processor, business entity, or person who receives actual notice of this Order (by service or otherwise), who has held the Receivership Entities' Assets, through an account or otherwise, shall:

13

1. Provide the Receiver, within ten business days of notice of the Temporary Restraining Order or this Order, a statement setting forth: (1) the identification of each such account or Asset; (2) the balance of each such account, or a description of the nature and value of each such Asset; and (3) the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Receivership Entity, or is otherwise subject to access by any Receivership Entity;

2. Upon the Receiver's request, promptly provide the Receiver with copies of all records or other Documents pertaining to any account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities; and

3. Cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by each of the Defendants.

**G.      COMPENSATION OF RECEIVER**

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Entities.

The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### H.   RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall maintain with the Clerk of this Court a bond in the sum of $10,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

### IV.   DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this Order to each affiliate, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date the Defendant receives notice of this Order, provide the United States with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them, to disregard this Order or believe that they are not bound by its provisions.

### V.   SERVICE OF THIS ORDER

IT IS FURTHER ORDERED that the United States is directed to serve all Defendants who do not receive a copy of this Order via ECF with copies of this Order.

With regards to Defendants Benoit, Morgan, and Murphy, the United States may provide notice *via* email pursuant to the procedure described in the government's Memorandum, while simultaneously pursuing formal service pursuant to Rule 4(f). The government may also provide notice to other Defendants *via* email in advance of completing service.

## VI. DURATION OF THE ORDER

IT IS FURTHER ORDERED that this Order shall expire upon entry of final judgment in this case.

## VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED

DATED this 2nd day of September, 2021

_____
Honorable John F. Walter
United States District Judge

16