# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> INTERNET TRANSACTION SERVICES, INC., et al., <br><br> Defendants. | Civil Case No. 21-6582-JFW (KSx) <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANT DEBRA VOGEL** |

On August 13, 2021, the United States of America filed its Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Equitable Relief (the "Complaint") against Defendant Debra Vogel ("Defendant") and other named Defendants, pursuant to 18 U.S.C. § 1345, based on Defendants' alleged violations of 18 U.S.C. §§ 1343, 1344, and 1349. On August 20, 2021, the Court issued its Order granting the United States' Ex Parte Application for a Temporary Restraining Order. On September 2, 2021, the Court issued a Preliminary Injunction.

The United States and Defendant stipulated to the entry of this Stipulated Order for Permanent Injunction ("Order"). Defendant, *pro se*, entered into the Stipulation freely and without coercion. Defendant further acknowledged that she has read the provisions of the Stipulation and this Order, understands them, and is prepared to abide by them. Per the parties' agreement, the Stipulation and this Order resolve only the claims against Defendant in the above-captioned civil lawsuit. They do not prevent the United States from pursuing criminal penalties against Defendant in relation to the conduct alleged in the Complaint, nor does Defendant's Stipulation constitute evidence that Defendant committed the acts alleged in the Complaint, or in any way prejudice Defendant's ability to contest the allegations in the Complaint in a future proceeding.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

## FINDINGS

A.    This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.    The United States seeks injunctive relief pursuant to 18 U.S.C. § 1345.

C. Defendant neither admits nor denies any of the allegations in the Complaint. Only for purposes of this action, Ms. Vogel admits the facts necessary to establish jurisdiction.

## DEFINITIONS

For the purpose of this Order:

A. "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "Corporate Entities" means Defendants Internet Transaction Services, Inc., Intertrans.com, Inc., and each of the "Shell Entities" defined below.

C. "Payment Processing Services" means handling credit card transactions, debit card transactions, Automated Clearing House (ACH) transactions, check transactions, money orders, or cash transactions.

D. "Person" means any individual, corporation, a partnership, or any other entity.

E. "Receiver" means Thomas W. McNamara, and any deputy receivers that shall be named by him.

F. "Receivership Entities" means Defendants Internet Transaction Services, Inc.; Intertrans.com, Inc.; as well as any other entity that has conducted any business related to Intertrans' participation in the scheme that is the subject of the Complaint in this matter, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by Intertrans.

G. "Shell Entities" means Defendants Be a Kloud LLC; Blue Water LLC; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC; Eastgate View LLC; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC.

2

# ORDER

## I. PROHIBITED ACTIVITIES

IT IS ORDERED that Defendant, her agents and attorneys, and all other persons in active concert or participation with her, who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

 A. Committing or conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

 B. Committing or conspiring to commit bank fraud, as defined by 18 U.S.C. §§ 1344 and 1349;

 C. Charging or debiting any person or entity on behalf of any Shell Entities or for the purported purchase of any Shell Entities' services;

 D. Debiting funds from consumers' bank accounts without their prior authorization;

 E. Engaging in any tactics to avoid fraud and risk monitoring programs established by any financial institution, payment processors, or the operators of any payment system, including by using sham transactions, such as the "micro transactions" described in the Complaint, to reduce a bank account's return or chargeback rate, or by using shell corporations to open bank accounts;

 F. Incorporating or creating any corporate entity for the purpose of debiting funds from consumers' bank accounts without their prior authorization;

 G. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, IP address, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

 H. Providing any support or substantial assistance to any Person that Defendant knows is engaged in any of the above activities.

## II. COOPERATION WITH RECEIVER AND ASSET FREEZE

For any Corporate Entities' or Receivership Entities' Assets within the control of Defendant, her agents and attorneys, and/or all other persons in active concert or participation with her, Defendant shall:

A. Hold, preserve, and retain within her control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any Asset, as well as all Documents or other property related to such Assets, except by further order of this Court or by direction of the Receiver;

B. Fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Receivership Entities' Assets; and

C. To the extent she has not done so already, provide the United States, within seven (7) days after entry of this Order or of obtaining direct or indirect control over the Assets: (1) a list of all accounts, including savings, checking, investment, and merchant accounts held in the name of a Corporate Entity or Receivership Entity, for which the Defendant is an accountholder, signatory, beneficiary, or over which the Defendant otherwise has control; (2) a list of any other Assets held or controlled by the Defendant in the name of a Corporate Entity or Receivership Entity; and (3) the balance of each such account, or a description of the nature and value of each such Asset.

## III. COMPLIANCE MONITORING

For a period of five (5) years after the date of entry of this Order, Defendant must notify the United States if she:

A. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that provides, or consults or provides advice regarding Payment Processing Services;

B. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that monitors return or chargeback rates for any other

business or corporate entity; and/or provides advice or consulting on how to lower or manage return or chargeback rates for any business or corporate entity;

    C.    Creates, operates, is employed by, or otherwise becomes involved in any business or entity that purports to offer cloud computing services, identity theft protection services, or technology support services; and/or

    D.    Creates, operates, or exercises control over any business entity, whether newly formed or previously inactive. Defendant must also provide the United States with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## IV.    ORDER ACKNOWLEDGMENTS

It is further ordered that within fifteen (15) days after entry of this Order, the Defendant is ordered to submit to Postal Inspector Ashlea Bowens a written acknowledgement of receipt of this Order sworn under penalty of perjury. The statement shall be addressed to:

Postal Inspector Ashlea Bowens

U.S. Postal Inspection Service

P.O. Box 7404

Washington, DC 20044-7404

## V.    MODIFICATION OF ORDER

This Order shall not be modified except in writing by the United States and Defendant and approved by the Court.

///

///

///

///

///

### IV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED

DATED this 22nd day of September, 2021

_____
United States District Judge

**FOR PLAINTIFF UNITED STATES OF AMERICA**

BRIAN M. BOYNTON
Acting Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director

/s/    Michael J. Wadden                    Date:  September 17, 2021
MICHAEL J. WADDEN
AMY P. KAPLAN
Trial Attorneys
Consumer Protection Branch
United States Department of Justice

**FOR DEFENDANT DEBRA VOGEL**

_____    Date: _____

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF UNITED STATES OF AMERICA**

BRIAN M. BOYNTON
Acting Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director

/s/ Michael J. Wadden          Date: September 17, 2021
MICHAEL J. WADDEN
AMY P. KAPLAN
Trial Attorneys
Consumer Protection Branch
United States Department of Justice

**FOR DEFENDANT DEBRA VOGEL**

Date: 9-21-2021

2