# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNET TRANSACTION SERVICES, INC., et al.,<br><br>　　　　Defendants. | Civil Case No. 21-6582-JFW (KSx)<br><br>**FINAL ORDER OF PERMANENT INJUNCTION AS TO DEFENDANT HAROLD SOBEL** |

On August 13, 2021, the United States of America filed its Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Equitable Relief (the "Complaint") against Defendant Harold Sobel ("Defendant Sobel" or "Defendant") and other named Defendants, pursuant to 18 U.S.C. § 1345, based on Defendants' alleged violations of 18 U.S.C. §§ 1343, 1344, and 1349. On August 20, 2021, the Court issued its Order granting the United States' Ex Parte Application for a Temporary Restraining Order. On September 2, 2021, the Court issued a Preliminary Injunction.

On August 31, 2021, the United States served Defendant Sobel pursuant to Rule 4 of the Federal Rules of Civil Procedure. Under Rule 12, Defendant Sobel's answer was due on September 21, 2021. To date, Defendant Sobel has failed to appear, answer, or otherwise defend this action. The United States requested entry of default by the clerk on September 22, 2021, and the clerk entered default on September 23, 2021. On October 19, 2021, the government moved for default judgment and the entry of a permanent injunction.

**FINDINGS OF FACT AND STATEMENT OF DECISION**

The Court, having considered the Complaint, the United States' motion for default judgment and other filings, and being otherwise advised, finds that:

A.   This Court has jurisdiction over the United States' claims against Defendant Sobel.

B.   Defendant Sobel has failed to answer or otherwise contest the allegations in the Complaint. As such, for purposes of this litigation, those allegations are taken as true. *See Pepsico, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)) ("Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true[.]").

C. The Complaint alleges, and Defendant Sobel has not contested, that Defendant Sobel has engaged in and is likely to engage in acts or practices that violate 18 U.S.C. §§ 1343, 1344, and 1349. Further, the evidence submitted in this matter, including the Declaration of Postal Inspector Ashlea Bowens (ECF No. 12-1, the "Bowens Declaration") and the exhibits thereto, demonstrates that Defendant Sobel has taken part in a multi-year fraud scheme through which Defendants have stolen millions of dollars from American consumers and their federally insured financial institutions by making unauthorized debits against consumers' bank accounts. *See, e.g.*, Bowens Decl. ¶¶ 8, 87. The evidence and pleadings reflect that Defendant Sobel has registered sham entities for use in the scheme, opened bank accounts in the names of those sham entities, and provided co-conspirators control of those accounts, with the intention and knowledge that they would be used to charge unauthorized debits against victims' accounts. *See* Bowens Decl. ¶¶ 12, 49–69, Exs. 15, 20; Compl. ¶¶ 45–46, 96–100. The evidence and pleadings also demonstrate that Defendant Sobel has engaged in material misrepresentations in furtherance of the scheme, including *via* interstate wire transmission. *See id.* The evidence and pleadings further demonstrate that Defendant Sobel has supervised the scheme's fraudulent customer service call center, in which capacity he has lied to consumer victims regarding unauthorized debits charged by Defendants. *See id*.

D. The evidence and admitted pleadings also reflect that assets held in accounts registered to Shell Entities (as defined below) are the proceeds of bank and wire fraud, which Defendants are likely to attempt to alienate. *See, e.g.*, Bowens Decl. ¶¶ 87–92, Ex. 25.

E. 18 U.S.C. § 1345 provides this Court with broad power to order injunctive relief designed to prevent future fraud and preclude the alienation of stolen assets. In light of Defendant Sobel's pattern of fraudulent conduct, the Court finds it likely that absent a permanent injunction, he will resume fraudulent activities. As such, permanent injunctive relief is necessary.

# DEFINITIONS

For the purpose of this Order:

A. "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "Corporate Entities" means Defendants Internet Transaction Services, Inc., Intertrans.com, Inc., and each of the "Shell Entities" defined below.

C. "Payment Processing Services" means handling credit card transactions, debit card transactions, Automated Clearing House (ACH) transactions, check transactions, money orders, or cash transactions.

D. "Person" means any individual, corporation, a partnership, or any other entity.

E. "Receiver" means Thomas W. McNamara, and any deputy receivers that shall be named by him.

F. "Receivership Entities" means Defendants Internet Transaction Services, Inc.; Intertrans.com, Inc.; as well as any other entity that has conducted any business related to Intertrans' participation in the scheme that is the subject of the Complaint in this matter, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by Intertrans.

G. "Shell Entities" means Defendants Be a Kloud LLC; Blue Water LLC; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC; Eastgate View LLC; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC.

# ORDER

## I. PROHIBITED ACTIVITIES

IT IS ORDERED that Defendant, his agents and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

    A.    Committing or conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

    B.    Committing or conspiring to commit bank fraud, as defined by 18 U.S.C. §§ 1344 and 1349;

    C.    Charging or debiting any person or entity on behalf of any Shell Entities or for the purported purchase of any Shell Entities' services;

    D.    Debiting funds from consumers' bank accounts without their prior authorization;

    E.    Engaging in any tactics to avoid fraud and risk monitoring programs established by any financial institution, payment processors, or the operators of any payment system, including by using sham transactions, such as the "micro transactions" described in the Complaint, to reduce a bank account's return or chargeback rate, or by using shell corporations to open bank accounts;

    F.    Incorporating or creating any corporate entity for the purpose of debiting funds from consumers' bank accounts without their prior authorization;

    G.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, IP address, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of the Complaint in this case and this Order; and

H. Providing any support or substantial assistance to any Person that Defendant knows is engaged in any of the above activities.

## II. COOPERATION WITH RECEIVER AND ASSET FREEZE

For any Corporate Entities' or Receivership Entities' Assets within the control of Defendant, his agents and attorneys, and/or all other persons in active concert or participation with him, Defendant shall:

A. Hold, preserve, and retain within his control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any Asset, as well as all Documents or other property related to such Assets, except by further order of this Court or by direction of the Receiver;

B. Fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Receivership Entities' Assets; and

## III. COMPLIANCE MONITORING

For a period of five (5) years after the date of entry of this Order, Defendant must notify the United States if he:

A. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that provides, or consults or provides advice regarding Payment Processing Services;

B. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that monitors return or chargeback rates for any other business or corporate entity; and/or provides advice or consulting on how to lower or manage return or chargeback rates for any business or corporate entity;

C. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that purports to offer cloud computing services, identity theft protection services, or technology support services; and/or

D. Creates, operates, or exercises control over any business entity, whether newly formed or previously inactive. Defendant must also provide the

5

United States with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## IV.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED

DATED this 18th day of November, 2021

_____
United States District Judge

6