**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 21-6582-JFW(KSx)**                                          Date:  January 5, 2022

Title:   United States of America -v- Internet Transaction Services, Inc.

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                         None Present
   Courtroom Deputy                                       Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
         None                                                 None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION [filed 12/10/2021; Docket No. 103]**

     On December 10, 2021, Plaintiff United States of America ("Plaintiff") filed a Motion for Default Judgment and Permanent Injunction Against Defendants Be A Kloud LLC; Blue Water LLC; CBX International Inc.; CBX International, Inc.; Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC, Eastgate View LLC; Internet Transaction Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC ("Motion").  No Opposition was filed.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 10, 2022 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

     Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default under 55(a).  Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required.  L.R. 55-1.

     The entry of default judgment is left to the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Because granting or denying relief is entirely within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered

judgment.  *Id.; Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)*.*  In deciding whether to exercise discretion to enter a default judgment, courts may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").  In determining damages, the court may conduct a full evidentiary hearing, or rely on declarations submitted by the parties.  Fed. R. Civ. 55(b)(2); L.R. 55-2.  However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

For the reasons stated in Plaintiff's Motion, and after considering the *Eitel* factors, the Court concludes that Plaintiff has demonstrated that default judgment should be entered in its favor and against Defendants Be A Kloud LLC; Blue Water LLC; CBX International Inc.; CBX International, Inc.; Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC, Eastgate View LLC; Internet Transaction Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC. Plaintiff has also demonstrated that it is entitled to the entry of a permanent injunction.  Accordingly, Plaintiff's Motion is **GRANTED**.  The Court signs Plaintiff's Proposed Final Order of Permanent Injunction as to Defendants Be A Kloud LLC; Blue Water LLC; CBX International Inc.; CBX International, Inc.; Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC, Eastgate View LLC; Internet Transaction Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC, lodged with the Court on December 10, 2021 (Docket No. 103-2).

IT IS SO ORDERED.