1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. <u>21-6582-JFW (KSx)</u> |
| Plaintiff, | **FINAL ORDER OF PERMANENT INJUNCTION AS TO DEFENDANTS BE A KLOUD LLC; BLUE WATER LLC; CBX INTERNATIONAL INC.; CBX INTERNATIONAL, INC.; DELTA CLOUD LLC; DOLLAR WEB SALES LLC; ECLOUD SECURE LLC; EASTGATE VIEW LLC; INTERNET TRANSACTION SERVICES, INC.; INTERTRANS.COM, INC.; I-SUPPORT GROUP LLC; MY KLOUD BOX LLC; NEWAGECLOUDSERVICES LLC; NRG SUPPORT LLC; SILVER SAFE BOX LLC; SILVER SAFE BOX INC.; STORAGE VPN LLC; and VPN ME NOW LLC** |
| v. | |
| INTERNET TRANSACTION SERVICES, INC., et al., | |
| Defendants. | |

On August 13, 2021, the United States of America filed its Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Equitable Relief (the "Complaint") against Defendants including Be a Kloud LLC, Blue Water LLC, CBX International Inc., CBX International, Inc., Delta Cloud LLC, Dollar Web Sales LLC, ECloud Secure LLC, Eastgate View LLC, Internet Transaction Services, Inc., Intertrans.com, Inc., I-Support Group LLC, My Kloud Box LLC, Newagecloudservices LLC, NRG Support LLC, Silver Safe Box LLC, Silver Safe Box Inc., Storage VPN LLC, and VPN Me Now LLC (collectively, the "Corporate Defendants"). On August 20, 2021, the Court issued its Order granting the United States' Ex Parte Application for a Temporary Restraining Order ("TRO"). On September 2, 2021, the Court issued a Preliminary Injunction.

Between August 24, 2021 and November 5, 2021, the government completed service on each of the Corporate Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. None of the Corporate Defendants appeared, answered, or otherwise responded to this action in the time permitted under Rule 12. The Clerk entered default against all the Corporate Defendants. On December 10, 2021, the government moved for default judgment and the entry of a permanent injunction.

## FINDINGS OF FACT AND STATEMENT OF DECISION

The Court, having considered the Complaint, the United States' TRO Application, the Receiver's Initial Status Report, the United States' Motion for Default Judgment, and other filings, and being otherwise advised, finds that:

A.      This Court has jurisdiction over the United States' claims against the Corporate Defendants.

B.      The Corporate Defendants have failed to answer or otherwise contest the allegations in the Complaint. As such, for purposes of this litigation, those allegations are taken as true. *See Pepsico, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems, Inc. v.*

1

*Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)) ("Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true[.]").

C. The Complaint alleges, and the Corporate Defendants have not contested, that the Corporate Defendants have engaged in and are likely to engage in acts or practices that violate 18 U.S.C. §§ 1343, 1344, and 1349. Further, the filings submitted in this matter, including the Declaration of Postal Inspector Ashlea Bowens (ECF No. 12-1, the "First Bowens Declaration") and the Receiver's Initial Status Report (ECF No. 80-1, "Receiver's Report"), demonstrate that the Corporate Defendants have taken part in a multi-year fraud scheme through which Defendants have stolen tens of millions of dollars from American consumers and their federally insured financial institutions by making unauthorized debits against consumers' bank accounts. The evidence and pleadings reflect that Internet Transaction Services, Inc., and Intertrans.com, Inc. (collectively, "Intertrans") took part in the fraud scheme and lack legitimate operations. *See, e.g.*, Compl. ¶¶ 117–28; Receiver's Report. The evidence and pleadings further reflect that the rest of the Corporate Defendants (also referred to as the "Shell Entity Defendants") are fraudulent shell entities, whose only function is to enable Defendants Benoit, Courdy and their co-conspirators to steal from the bank accounts of unsuspecting consumers. *See, e.g.*, Compl. ¶¶ 77–78; First Bowens Decl. ¶¶ 10–12, 35–48; Receiver's Report.

D. The evidence reflects that accounts registered to the Corporate Defendants currently hold stolen victim funds, which are the proceeds of bank and wire fraud, and which Defendant Benoit and his co-conspirators will likely attempt to alienate if possible. *See* First Bowens Decl. ¶¶ 64–65, 89–92, Exs. 25–26, 45; Receiver's Report at 27–29.

E. The evidence reflects that Defendants have used fraudulent websites to falsely provide the appearance that the Corporate Defendants are legitimate

2

businesses, in furtherance of the scheme. These websites include: https://www.bigcloudnv.com, https://www.cloudforcesystems.com, https://www.dollarweb-sales.com, https://ecloud-secure.com, https://www.gigatechsonline.com, http://www.isupport-pro.com, https://mykloudbox.com, https://newagecloudservices.com, http://www.nrg-support.com, http://www.silversafebox.com, http://www.storagevpn.com, and http://www.vpnmenow.com. *See* Second Declaration of Postal Inspector Ashlea Bowens ¶¶ 6–7.

     F.    The *Eitel* factors all support the entry of default judgment against the Corporate Defendants. *See Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

     G.    18 U.S.C. § 1345 provides this Court with broad power to order injunctive relief designed to prevent future fraud and preclude the alienation of stolen assets. Additionally, 18 U.S.C. § 1345(a)(2) specifically authorizes the Court to order an asset freeze prohibiting the alienation of funds traceable to a banking law violation and to appoint a receiver to administer such an asset freeze order. Further, this Court has the inherent equitable authority to appoint a receiver to prevent the waste and loss of ill-gotten gains. *See, e.g.*, *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 845 (9th Cir. 2009).

     H.    The evidence supports the entry of a permanent injunction freezing the assets of all of the Corporate Defendants and authorizing the Receiver in this matter, Thomas W. McNamara, to take control of all the Corporate Defendants and maintain the asset freeze pending further order of this Court.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

     A.    "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

     B.    "Intertrans" means Internet Transaction Services, Inc. and Intertrans.com, Inc.

C.     "Corporate Defendants" means Defendants Internet Transaction Services, Inc.; Intertrans.com, Inc.; and each of the "Shell Entity Defendants" defined below.

D.     "Defendant(s)" means all the individuals and entities named as Defendants in the Complaint, individually, collectively, or in any combination.

E.     "Document" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a).

F.      "Receiver" means the receiver referenced in Section III of this Order and any deputy receivers that shall be named by the receiver.

G.     "Receivership Entities" means the Corporate Defendants, as well as any other corporate entity that has conducted business related to the Corporate Defendants' participation in the scheme that is the subject of the Complaint in this matter, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by one or more of the Defendants, pursuant to the procedure set forth in Section III.B.3 below. The "Receivership Entities" include those entities that the Receiver has already determined to be Receivership Entities pursuant to the terms of the Temporary Restraining Order and/or Preliminary Injunction and any entities that the Receiver may determine to be Receivership Entities pursuant to this Order.

H.     "Receivership Property" means any Assets, wherever located, that are: (1) owned, controlled, or held by or for the benefit of the Receivership Entities, in whole or in part; (2) in the actual or constructive possession of the Receivership Entities; or (3) owned, controlled, or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by the Receivership Entities.

I.      "Shell Entity Defendants" means Defendants Be a Kloud LLC; Blue Water LLC; CBX International Inc.; CBX International, Inc.; Delta Cloud LLC; Dollar Web Sales LLC; ECloud Secure LLC; Eastgate View LLC; I-Support Group LLC; My Kloud Box LLC; Newagecloudservices LLC; NRG Support LLC; Silver Safe Box LLC; Silver Safe Box Inc.; Storage VPN LLC; and VPN Me Now LLC.

## ORDER

## I.      PROHIBITED ACTIVITIES AND OBLIGATIONS

IT IS ORDERED that the Corporate Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from:

A.      Committing or conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

B.      Committing or conspiring to commit bank fraud, as defined by 18 U.S.C. §§ 1344 and 1349;

C.      Charging or debiting any person or entity on behalf of any Shell Entity Defendant or for the purported purchase of any Shell Entity Defendant's services;

D.      Debiting funds from consumers' bank accounts without their prior authorization;

E.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, IP address, or other financial or identifying information that was obtained in connection with any activity that pertains to the subject matter of this Order;

F.      Destroying, deleting, moving, removing or transferring any and all business, financial, accounting, and other records concerning the Corporate

5

Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by the Corporate Defendants; and failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect the Corporate Defendants' incomes, disbursements, transactions, and use of the Corporate Defendants' Assets.

## II.   ASSET FREEZE

IT IS FURTHER ORDERED that, except as otherwise specified herein, the Assets of the Corporate Defendants and any other Receivership Entities are frozen until further notice of this Court. Accordingly, all persons and entities with direct or indirect control over any of the Corporate Defendants' and the Receivership Entities' Assets, including any financial or brokerage institution, bank, payment processor, business entity, or person, who receives actual notice of this Order (by service or otherwise) shall:

A.   Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; and

B.   Deny any person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Corporate Defendant or Receivership Entity, or otherwise subject to access by any Corporate Defendant or Receivership Entity.

IT IS FURTHER ORDERED that the Corporate Defendants, Receivership Entities, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order (by service or otherwise), are restrained and enjoined from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a

6

lien or security interest or other interest in, or otherwise disposing of any of a Corporate Defendant's or Receivership Entity's Assets.

This Section does not prohibit any transfers to the Receiver required by this Order.

## III.    RECEIVERSHIP

### A.    EXTENSION OF THE RECEIVERSHIP

IT IS FURTHER ORDERED that Thomas W. McNamara shall serve as receiver of all Corporate Defendants and other Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

### B.    RECEIVERSHIP POWERS AND DUTIES

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

1.    Take exclusive custody, control, and possession of all Receivership Property, and Documents and Assets in the possession, custody, or control of any Receivership Entity, wherever situated, except those assets seized by the United States pursuant to a valid order of a court. The Receiver shall have full power to divert mail, and to sue for, collect, receive, take in possession, hold, and manage all Receivership Property; provided, however, the Receiver shall not attempt to collect any amount from a person if the Receiver believes the person was a victim of the wire or bank fraud scheme alleged in the Complaint in this matter;

2.    The Receiver shall also assume and maintain control over all of the Receivership Entities' ongoing business operations, including those in which the Receivership Entities have a controlling interest. With regard to these business operations, the Receiver shall:

a.    Assume full and exclusive control of the operations of

the Receivership Entities, removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Entities from control of, management of, or participating in, the business affairs of each of the Receivership Entities;

b.      Take all steps necessary or desirable to secure the business premises of the Receivership Entities. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (i) completing a written inventory of all assets; (ii) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (iii) videotaping all portions of the above-referenced business locations; (iv) securing the above-referenced business locations by changing the locks and disconnecting any Internet service or other means of access to the computer or other records maintained at the locations;

c.      Manage, administer, conduct and/or cease the  ongoing business operations, if any, of the Receivership Entities, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary; and

d.      Choose, engage, and employ attorneys, accountants, appraisers, property managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of the Receivership Entities, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

8

3.      If the Receiver identifies a nonparty entity as a new Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its Assets and records, if the Receiver determines that notice to the entity may result in the destruction of records, dissipation of Assets, or any other obstruction of the Receiver's control of the entity;

4.      Defend, compromise, or settle legal actions wherein the Receiver or any of the Receivership Entities is a party commenced prior to or subsequent to this Order with the authorization of this Court. The Receiver may waive attorney-client privilege held by any of the Receivership Entities;

5.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

6.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver;

7.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

8.      Coordinate with the United States and Court personnel as needed to ensure that any Assets subject to the terms of this Order are available for criminal restitution, forfeiture, or other legal remedies in proceedings commenced by or on behalf of the United States;

9.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

10.     Assume and maintain control of all website domains that have been or are currently controlled by or registered to a Receivership Entity for use in Defendants' fraud scheme, including but not limited to: https://www.bigcloudnv.com, https://www.cloudforcesystems.com, https://www.dollarweb-sales.com, https://ecloud-secure.com, https://www.gigatechsonline.com, http://www.isupport-pro.com, https://mykloudbox.com, https://newagecloudservices.com, http://www.nrg-support.com, http://www.silversafebox.com, http://www.storagevpn.com, and http://www.vpnmenow.com. Any third-party hosting such website domains is hereby directed to transfer control of such website domains to the Receiver and to otherwise follow the directions of the Receiver in connection with the operation of such website domains.

11.     Continue to file status reports every 120 days with the Court.

The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

## C.      COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that the Receivership Entities; their officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of Receivership Property or records relating to Receivership Property, or other records relating to the Receivership Entities; who receive actual notice of this Order, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver

that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, passwords, and all other means required to access any computers, electronic devices, mobile devices, machines (onsite or remotely), and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; transferring funds at the Receiver's direction and producing records related to the Receivership Property and sales of the Receivership Entities; and transferring control of website domains used by Receivership Entities in Defendants' fraud scheme to the Receiver.

## D. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that Defendants and any other person with possession, custody or control of Receivership Property shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Receivership Property. This shall include, but not be limited to, immediately providing, transferring, or delivering to the Receiver possession, custody, and control of:

1. All Assets held by or for the benefit of the Receivership Entities;

2. All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

3. All Documents of or pertaining to the Receivership Entities;

4. All computers, electronic devices, mobile devices, and

11

machines used to conduct the business of the Receivership Entities;

5.     All keys, codes, user names, passwords, and all other means of authentication necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, mobile phones, accounts, computer systems (onsite and remote), electronic data hosts, or other property.

Provided that nothing in this Section shall be construed to require the United States or a law enforcement agency to transfer Assets, Receivership Property, or Documents to the Receiver that it has seized pursuant to a valid order of a court.

In the event that any person or entity fails to deliver or transfer any Asset, Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

**E.     PROVISION OF INFORMATION TO RECEIVER**

IT IS FURTHER ORDERED that, to the extent they have not already done so, the Receivership Entities shall immediately provide to the Receiver:

1.     A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

2.     A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

3.     A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic

documents.

**F.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

IT IS FURTHER ORDERED that any financial or brokerage institution, bank, payment processor, business entity, or person who receives actual notice of this Order (by service or otherwise), who has held the Receivership Entities' Assets, through an account or otherwise, shall:

1.   Provide the Receiver, within ten business days of notice of this Order, a statement setting forth: (1) the identification of each such account or Asset; (2) the balance of each such account, or a description of the nature and value of each such Asset; and (3) the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Receivership Entity, or is otherwise subject to access by any Receivership Entity;

2.   Upon the Receiver's request, promptly provide the Receiver with copies of all records or other Documents pertaining to any account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities; and

3.   Cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by each of the Defendants.

### G.    COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Entities.

The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### H.    RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall continue to maintain with the Clerk of this Court a bond in the sum of $10,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

### I.    DURATION OF RECEIVERSHIP

IT IS FURTHER ORDERED that the Receiver shall continue as permanent receiver for the Receivership Entities, until discharged by order of the Court.

## IV.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED

DATED this 5th day of January, 2022

United States District Judge

CC: FISCAL

14