Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>INTERNET TRANSACTION SERVICES, INC., et al.,<br><br>           Defendants. | Case No. 2:21-cv-06582-JFW (KSx)<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH NON-PARTIES THEODORE SAPPERSTEIN, HAYES CONSULTING LLC, AND HAYES MARKETS LLC**<br><br>JUDGE:  Hon. John F. Walter<br>CTRM:    7A<br>DATE:    December 12, 2022<br>TIME:    1:30 p.m. |

The Court-appointed receiver, Thomas W. McNamara ("Receiver") and non-parties Theodore Sapperstein, Hayes Consulting LLC, and Hayes Markets LLC (collectively "Sapperstein Parties") jointly move the Court to approve a proposed settlement agreement (the "Settlement Agreement"), resolving a dispute arising from the Sapperstein Parties' receipt of certain monies for services provided to the Receivership Entities in connection with consumer transactions. Pursuant to Section 5.1 of the Settlement Agreement, the Sapperstein Parties will pay a total of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) to the

1  Receiver in four installment payments provided the Court approves the Settlement
2  Agreement.
3      Shortly after his appointment, the Receiver began investigating the
4  defendants' relationship with certain third parties, which received payments from
5  the Receivership Entities.  Among others, these included the Sapperstein Parties,
6  which acted as agents for a large merchant processor, Secure Payment Systems
7  ("SPS"), and signed merchant processing agreements with two of the entities.
8  SPS, which was formerly owned and operated by Linden Fellerman, provided
9  merchant processing to numerous Receivership Entities.  The Receiver previously
10 settled with Fellerman for $4,2000,000 in May 2022.  ECF No. 128 & 129.  While
11 the Receiver agreed to release all claims against SPS and Fellerman (*see* Section 6
12 of the Settlement Agreement (ECF No. 162-3)), the parties agreed that the release
13 in favor of SPS and Fellerman did *not* apply or extend to any third parties,
14 including expressly the Sapperstein Parties.  *See id.* § 6.1.1.
15     The Receiver has conducted a thorough investigation of the Sapperstein
16 Parties, including obtaining documents from the Sapperstein Parties, interviewing
17 witnesses, and reviewing the communications among the Sapperstein Parties, the
18 defendants, and other third parties.  Based on the results of the investigation, the
19 Receiver sent the Sapperstein Parties a detailed demand letter, which outlined the
20 Receiver's findings and attached supporting evidence.  Shortly thereafter, in June
21 2022, the parties initiated settlement discussions.  The Receiver initially demanded
22 that the Sapperstein Parties return to the Receivership Estate the total commissions
23 and fees received from the Receivership Entities, including those obtained
24 derivatively through SPS.  In response, the Sapperstein Parties contested liability
25 and disputed the Receiver's calculations, claiming they had only retained
26 approximately $300,000 after consideration of expenses and payments to various
27 third parties.
28 ///

Counsel for the Receiver and the Sapperstein Parties thereafter participated in extensive settlement negotiations over several months, during which the Sapperstein Parties provided the Receiver with additional information, including financial documentation and Mr. Sapperstein's financial statement, which he voluntarily affirmed under penalty of perjury. The subsequent information provided by Mr. Sapperstein, as confirmed by his counsel's representations to the Receiver's counsel, indicated that Mr. Sapperstein is retired from the merchant processing industry and the Sapperstein Parties presently have limited financial resources. Ultimately, the parties reached a settlement of the Receiver's claims, taking these factors into account.

If the parties had been unable to reach a settlement, the Receiver would have filed a lawsuit alleging various legal theories to recover the fees and for damages caused to the Receivership Entities. The Sapperstein Parties would have defended these claims. The litigation would have resulted in significant expense, some recovery risk and significant collection risk to the Receivership Estate. Instead, after extensive negotiations and consideration of their respective legal and financial positions, the parties reached a settlement, which, in the Receiver's view, provides a substantial benefit to the Receivership Estate without litigation, collection risk, and expense.

The Sapperstein Parties have now agreed, pending Court approval, to a structured settlement requiring them to pay the Receiver four installment payments totaling Two Hundred Twenty-Five Thousand Dollars ($225,000.00) as follow:

(1)  $125,000.00 on or before November 8, 2022;
(2)  $33,333.33 on or before January 31, 2023;
(3)  $33,333.33 on or before May 1, 2023; and
(4)  $33,333.33 on or before July 30, 2023.

The Settlement Agreement also provides the Receiver with a Confession of Judgment, in the amount of any unpaid portion plus interest, that the Receiver can

enter against the Sapperstein Parties in the event of a default. Settlement Agreement ¶ 6, Exhibit A. Further, Mr. Sapperstein has represented and warranted that he is retired, and presently living primarily on his Social Security income; moreover, the Sapperstein Parties have also warranted and represented that they have disclosed all of their assets to the Receiver and have not fraudulently transferred any assets to other individuals or made any effort to artificially reduce their assets available for settlement. *Id.* ¶ 8.1.

The proposed settlement represents a significant and principled return of assets to the Receivership Estate that was only reached after extensive arms-length settlement negotiations. The Settlement Agreement contains a complete mutual release of claims between the parties which inures to the benefit of the Receiver and the Sapperstein Parties.

The Settlement Agreement is attached as Exhibit 1 to the Declaration of Andrew M. Greene filed herewith.

For the reasons set forth above, the Receiver and the Sapperstein Parties hereby jointly ask that the Court issue an order approving the Settlement Agreement.

| | |
|---|---|
| Dated: November 8, 2022 | Dated: November 8, 2022 |
| McNamara Smith LLP | Law Offices of Kramon & Graham, P.A. |
| By: /s/ Andrew M. Greene<br>Andrew M. Greene<br>655 West Broadway, Suite 900<br>San Diego, California 92101<br>Tel.: 619-269-0400<br>Fax: 619-269-0401<br>agreene@mcnamarallp.com<br>*Attorneys for Receiver,*<br>*Thomas W. McNamara* | By: [signature]<br>Geoffrey H. Genth<br>One South Street, Suite 260<br>Baltimore, MD 21202-3201<br>Tel.: 410-347-7436<br>Fax: 410-539-1269<br>ggenth@kg-law.com<br>*Attorneys for Theodore Sapperstein,*<br>*Hayes Consulting LLC, and Hayes*<br>*Markets LLC* |