EXHIBIT 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**1.     PARTIES**

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and between Theodore Sapperstein, Hayes Consulting LLC, and Hayes Markets LLC (collectively "Sapperstein"), on the one hand, and Thomas W. McNamara, as the Court-appointed Receiver in *USA v. Internet Transaction Services, Inc., et al.*, U.S. District Court (C.D. Cal.), Case No. 2:21-cv-6582-JFW (KSx) (the "Receiver"), on the other hand.  For purposes of this Agreement, Sapperstein and the Receiver are each referred to individually as a "Party" and collectively as the "Parties."

**2.     RECITALS**

2.1.    On August 13, 2021, the United States of America filed a lawsuit against Internet Transaction Services, Inc., among others, in the United States District Court for the Central District of California, initiating the lawsuit styled as *USA v. Internet Transaction Services, Inc., et al.*, U.S. District Court (C.D. Cal.), Case No. 2:21-cv-6582-JFW (KSx) (the "Action").

2.2.    On August 20, 2021, Thomas W. McNamara was initially appointed as receiver over the Receivership Entities as those entities are defined in the Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, and Other Equitable Relief dated the same date.

2.3.    On September 2, 2021, the Court issued a Preliminary Injunction with Asset Freeze, Receiver, and Other Equitable Relief whereby it reaffirmed the Receiver's appointment and tasked him with, among other things, identifying, preserving, and recovering assets of the receivership estate.

2.4.    On January 5, 2022, the Court issued a Final Order of Permanent Injunction as to the Corporate and Shell Entity Defendants, and confirmed the Receiver's authority over Receivership Entities, as those terms are defined in the Order.

2.5.    Certain disputes and controversies have arisen among the Parties with regard to Sapperstein's receipt of certain monies for services provided to the Receivership Entities in connection with consumer transactions.  The Parties' respective claims, allegations, assertions, and defenses, and each of them, with respect to these matters shall constitute the "Dispute."

2.6.    Without any admission of liability by any of the Parties and without conceding the respective positions of any of the Parties, the Parties desire to settle and dispose of, fully and completely, the Dispute.

2.7.    Therefore, in consideration of the mutual covenants set forth herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree to the settlement of the Dispute on the terms and conditions below, all of which shall be considered material to this Agreement.

**3.     EFFECTIVE DATE**

3.1.    The "Effective Date" of this Agreement is the date on which the last Party signs this Agreement.

**4.     SETTLEMENT CONTINGENCY**

4.1.    Although this Agreement follows a good faith, arm's length pre-litigation negotiation, this Agreement is not binding on the Parties unless and until the Court presiding over the Action enters an order approving the Agreement.

4.2.    Promptly following the Effective Date, the Parties shall file a joint motion in the Action seeking the District Court's approval of this Agreement. The Parties shall take all reasonably necessary actions that may become necessary to secure a prompt and favorable determination by the Court.

4.3.    In the event that the Court does <u>not</u> approve of this Agreement, the Parties shall meet and confer and make all reasonably necessary changes to the Agreement, provided that the changes remain consistent with the Settlement Amount and Related Terms identified in Section 5, and then promptly reapply for approval.

>   4.3.1.   The Parties' obligations under Section 4.3 shall continue until the Parties reasonably determine that material changes to the Settlement Amount and Related Terms identified in Section 5 are required in order to secure court approval of the Agreement. In such an event, the Parties shall have the option to continue settlement negotiations or declare an impasse, in which event this Agreement shall become null and void, and the Receiver shall direct the return of all amounts paid pursuant to Section 5 below.

**5.     SETTLEMENT AMOUNT AND RELATED TERMS**

5.1.    In consideration for the promises made in this Agreement and in full payment of any monies due, Sapperstein shall pay to the Receiver Two Hundred Twenty-Five Thousand Dollars ($225,000.00) (the "Settlement Amount") in United States currency as follows:

>   5.1.1.   On or before November 8, 2022, Sapperstein shall pay the Receiver One Hundred Twenty-Five Thousand Dollars ($125,000.00);
>
>   5.1.2.   On or before January 31, 2023, Sapperstein shall pay the Receiver Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33);
>
>   5.1.3.   On or before May 1, 2023, Sapperstein shall pay the Receiver Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33); and

        5.1.4.   On or before July 30, 2023, Sapperstein shall pay the Receiver Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33).

    5.2.   Within seven (7) days of the Effective Date, and as a condition to the receipt of any monies described in this Agreement, the Receiver shall provide Sapperstein with a valid W-9.

    5.3.   All settlement payments described in paragraph 5.1 above must be made by wire or cashier's check payable to "Intertrans.com Receivership", and delivered via overnight mail to McNamara Smith LLP, Attn: Jill Jacobs, 655 West Broadway, Suite 900, San Diego, CA 92101.

**6.   CONFESSION OF JUDGMENT**

    6.1.   If Sapperstein fails to timely remit any of the above-described payments and fails to cure such default within five (5) days of notice of said default, then the Receiver may exercise all remedies available in law to enforce the Agreement. As a condition of this Agreement and in consideration for the terms of the Agreement, and in order to secure payment under the terms of this Agreement, Sapperstein hereby agrees to sign a Confession of Judgment on the following terms and in the following amounts:

        a.   Any unpaid portion of the Settlement Amount, plus interest at the legal rate from the date of the default, shall be payable to the Receiver, upon entry of the attached judgment by the Court. Sapperstein agrees he has no defense to entry of judgment against him and that he is liable for payment of the unpaid portion of the Settlement Amount, plus interest at the legal rate, from the date of the default to the Receiver. Counsel for the Receiver shall hold the Confession of Judgment in abeyance and shall not file the same unless and until Sapperstein is deemed to be in default under this Agreement.

        b.   The Confession of Judgment is attached to this Agreement as <u>Exhibit A.</u>

**7.   RELEASES**

    7.1.   In consideration of the Agreement and terms contained herein, and contingent upon the Court's approval of this Agreement and Sapperstein's satisfaction of his obligations under this Agreement, the Parties mutually release and forever discharge each other, and their parent, subsidiary companies, and each of their respective current and former officers, directors, agents, shareholders, partners, insurers, heirs, relatives, representatives, employees, successors, assigns, and attorneys (collectively, "the Released Parties") from all acts, occurrences, costs, proceedings, obligations, claims, debts, demands, and liabilities, and any and all other claims of every kind, nature, and description whatsoever, both in law and equity, whether known or unknown, whether suspected or unsuspected, whether accrued or un-accrued, whether now or heretofore existing, whether premised on contract, statute, tort or other theory of recovery, for any compensatory, punitive, penalty, statutory, contract or tort damages, with respect to the Dispute, including without limitation, claims that were or could have been asserted in, the Dispute.

7.2. Except as expressly provided herein, all rights under Section 1542 of the California Civil Code are expressly waived by the Parties, who have read Section 1542 of the California Civil Code, and understand that it provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

7.3. The Parties expressly waive and relinquish every right or benefit they may have under Section 1542 of the California Civil Code arising out of or related to the facts, transactions, or occurrences alleged in the Dispute to the fullest extent possible. In connection with this waiver, the Parties acknowledge that they are aware that facts may hereafter be discovered in addition to or different from those now known or believed to be true with respect to this release, but that it is the intention of the Parties to hereby fully, finally and forever release and discharge each other, and thus this release shall remain in effect as a full and complete release notwithstanding the later discovery or existence of any such additional or different facts.

7.4. In entering into this Settlement Agreement, the Receiver (a) specifically intends to release and to waive any existing claims, known or unknown, against Sapperstein for money obtained by false pretenses, a false representation, or actual fraud, and (b) agrees that the Receiver's exclusive recourse for any breach of this Agreement shall be (i) an action for breach of this Agreement and/or (ii) the filing and enforcement of the Confession of Judgment by all legal means available. On behalf of himself and his assigns, the Receiver irrevocably agrees that Sapperstein's obligations under this Agreement and the Confession of Judgment shall not be subject to potential nondischargeability under 11 U.S.C. Section 523 provided that Sapperstein does not commence any bankruptcy proceeding until 91 days or more after making the payment described in Section 5.1.1, above. The Receiver's agreements to the foregoing are supported by the consideration being exchanged per this Settlement Agreement.

**8. REPRESENTATIONS AND WARRANTIES**

The Parties to this Agreement represent, warrant, and agree as follows:

8.1. Sapperstein represents and warrants, and the Receiver has no information to the contrary, that the financial records he has submitted to the Receiver are true and accurate and that he is currently retired and living primarily on Social Security income. Sapperstein further represents that he has disclosed all of his assets to the Receiver and has not fraudulently transferred any such assets to other individuals or made any effort to artificially reduce his assets available for settlement.

8.2. Each Party has received independent legal advice from their attorney with respect to the rights, obligations, and advisability of entering into the settlement pursuant to this Agreement and with respect to the rights, obligations, and advisability of executing this

Agreement. Each Party hereto declares that it has fully reviewed this Agreement prior to signing it, knows and understands its contents, and that it has executed this Agreement voluntarily.

8.3. Each Party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary.

8.4. Each person executing this Agreement on behalf of the respective Parties warrants that he, she, or it is empowered to do so and thereby binds his, her, or its respective Party.

8.5. Each person executing this Agreement on behalf of the respective Parties warrants that he, she, or it has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, and cause or causes of action disposed of herein.

8.6. Each Party acknowledges that no other person, nor any attorney of any other person, has made any promise, representation or warranty whatsoever, expressed or implied, not contained herein, concerning the subject matter hereof, to induce the Parties to execute or authorize the execution of this Agreement, and acknowledges that it has not executed or authorized the execution of this Agreement in reliance upon any such promise, representation or warranty not contained herein. No Party relies upon any statement of any other Party in executing this Agreement, except as expressly stated herein.

8.7. This Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other party. Each of the Parties hereto denies any liability in connection with any claim and intends merely to avoid litigation and buy its peace. This Agreement shall not be admissible as evidence in any proceeding other than a proceeding to enforce an obligation of a Party hereto.

**9.    MISCELLANEOUS**

9.1. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with and governed by the laws of the State of California.

9.2. This Agreement is the complete and entire agreement and mutual release by and among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement(s), representation(s), negotiation(s), and/or discussion(s). This Agreement shall not be modified by any Party by any oral representation(s) made before or after the Effective Date of this Agreement. This Agreement may be amended or modified only by an agreement in writing signed by the Parties. Any amendment(s) or modification(s) must be in writing and signed by the party or a duly authorized representative of the Party against whom such amendment(s) or modification(s) is/are sought to be enforced.

9.3. This Agreement is binding upon and shall inure to the benefit of the Parties hereto, their respective officers, directors, agents, parents, subsidiaries, shareholders, partners, insurers, heirs, relatives, representatives, affiliates, employees, successors, assigns, and attorneys.

      9.4.    Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party.

      9.5.    The Parties agree, for their respective selves, principals, agents, representatives, employees, attorneys, successors, and assigns, that they will abide by the terms of this Agreement, which terms are meant to be contractual, and further agree that they will do such acts and prepare, execute, file, and/or deliver such documents as may reasonably be required in order to carry out the purposes and intent of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts that may become necessary by order of the Court or otherwise, to effectuate this Agreement and its terms.

      9.6.    Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall (to the full extent permitted by law) not invalidate or render unenforceable such provision in any other jurisdiction.

      9.7.    Any notices required or permitted to be given pursuant to this Agreement shall be given in writing to the Parties and their respective counsel and shall be delivered via email. The Receiver, Sapperstein, and other interested parties should be notified as follows:

>Thomas W. McNamara
>Court-appointed Receiver
>tmcnamara@mcnamarallp.com
>
>And
>
>Andrew M. Greene
>McNamara Smith LLP
>agreene@mcnamarallp.com

For purposes of notifying Sapperstein, the Receiver should notify the following:

>Geoffrey H. Genth
>GGenth@kg-law.com

      9.8.    This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Signatures may be transmitted by facsimile or electronically via PDF and will have the same force and effect as an original.

[SIGNATURE PAGE FOLLOWS]

READ CAREFULLY BEFORE SIGNING.

Dated: 11/2, 2022

Thomas W. McNamara, not individually, but solely as Court-appointed Receiver in *USA v. Internet Transaction Services, Inc., et al.*, U.S. District Court (C.D. Cal.), Case No. 2:21-cv-6582-JFW (KSx)

By: _____
Thomas W. McNamara

Dated: Nov 2, 2022

**Theodore Sapperstein**

By: _____
Theodore Sapperstein

Dated: Nov 2, 2022

**Hayes Consulting LLC**

By: _____
Theodore Sapperstein

Dated: Nov 2, 2022

**Hayes Markets LLC**

By: _____
Theodore Sapperstein

**APPROVED AS TO FORM:**

Dated: 11/2, 2022

**McNAMARA SMITH LLP**

By: _____
Andrew M. Greene
Attorneys for Court-appointed Receiver,
Thomas W. McNamara

**KRAMON & GRAHAM PA**

Dated: _____, 2022

By: _____
Geoffrey H. Genth
Attorneys for Theodore Sapperstein, Hayes Consulting LLC, and Hayes Markets LLC

7

EXHIBIT 1
Page 8

# EXHIBIT A

EXHIBIT 1
Page 9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Add-On Coupon Services; Aurora Cloud Storage, Inc.; Be a Kloud LLC; Blue Water LLC; Cardservice Western States; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Cloud Force Systems; Coupon Ad Services; Coupons Unlimited; Delta Cloud LLC; Discount Coupon Sales; Dollar Web Sales Inc.; Dollar Web Sales LLC; Eastgate View LLC; ECloud Secure; ECloud Secure LLC; Gigatech; Idata; IData Clouds; I-Data Kloud; iKalls, LLC; Internet Transaction Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; ITeck LLC; ITeck-Cloud, Inc.; Level 2 Trading Inc.; Merchant Coupon Sales; My Kloud Box LLC; MyTerabyte LLC; Newagecloudservices LLC; NRG Support LLC; PCUpdate; Redeem Coupons; Redeem Coupons Now; Remote Digital Safe Box LLC a/k/a Remote Digital Safe LLC; Silver Safe Box Inc.; Silver Safe Box LLC; Storage VPN LLC; Streaming Coupons; Tech Connect; Unlimited Tech Direct; VPN Me Now LLC; and Wholesale Affiliate,<br><br>          Plaintiff,<br><br>   v.<br><br>THEODORE SAPPERSTEIN; HAYES CONSULTING LLC; and HAYES MARKETS LLC<br><br>          Defendants. | Case No.<br><br>**ATTORNEY CERTIFICATE RE: CONFESSION OF JUDGMENT** |

| | |
|---|---|
| 1 | I, Geoffrey H. Genth, whose address is One South Street, Suite 260, |
| 2 | Baltimore, Maryland 21202-3201, do hereby certify that I am an attorney at law |
| 3 | duly admitted and qualified to practice law in the State of Maryland. |
| 4 | I independently represent Theodore Sapperstein, Hayes Consulting LLC, |
| 5 | and Hayes Markets LLC ("Defendants") whose confession of judgment in favor of |
| 6 | Thomas W. McNamara, as the Court-Appointed Receiver for Add-On Coupon |
| 7 | Services; Aurora Cloud Storage, Inc.; Be a Kloud LLC; Blue Water LLC; |
| 8 | Cardservice Western States; CBX International Inc. (Delaware); CBX |
| 9 | International, Inc. (Florida); Cloud Force Systems; Coupon Ad Services; Coupons |
| 10 | Unlimited; Delta Cloud LLC; Discount Coupon Sales; Dollar Web Sales Inc.; |
| 11 | Dollar Web Sales LLC; Eastgate View LLC; ECloud Secure; ECloud Secure LLC; |
| 12 | Gigatech; Idata; IData Clouds; I-Data Kloud; iKalls, LLC; Internet Transaction |
| 13 | Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; ITeck LLC; ITeck- |
| 14 | Cloud, Inc.; Level 2 Trading Inc.; Merchant Coupon Sales; My Kloud Box LLC; |
| 15 | MyTerabyte LLC; Newagecloudservices LLC; NRG Support LLC; PCUpdate; |
| 16 | Redeem Coupons; Redeem Coupons Now; Remote Digital Safe Box LLC a/k/a |
| 17 | Remote Digital Safe LLC; Silver Safe Box Inc.; Silver Safe Box LLC; Storage |
| 18 | VPN LLC; Streaming Coupons; Tech Connect; Unlimited Tech Direct; VPN Me |
| 19 | Now LLC; and Wholesale Affiliate ("Plaintiff") has been executed. Prior to the |
| 20 | execution of such confession of judgment I had fully and completely advised |
| 21 | Defendants with respect to their rights in connection with the matter and the effect |
| 22 | and procedure with regard to the entry of such a confession of judgment, including |
| 23 | the waiver of all rights in connection therewith including all defenses which they |
| 24 | may have in connection with the transaction and the execution of the confession of |
| 25 | judgment. |
| 26 | /// |
| 27 | /// |
| 28 | /// |

I further certify that following the explanation, Defendants indicated comprehension of the advice, rights, the waiver thereof and defenses thereto and were agreeable to the execution of the confession of judgment and thereafter I advised that such confession of judgment be executed.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Dated: 11/2/2022

By: *(signature)*
Geoffrey H. Genth
Law Offices of Kramon & Graham, P.A.
One South Street, Suite 260
Baltimore, MD 21202-3201
Tel.: 410-347-7436
Fax: 410-539-1269
ggenth@kg-law.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Add-On Coupon Services; Aurora Cloud Storage, Inc.; Be a Kloud LLC; Blue Water LLC; Cardservice Western States; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Cloud Force Systems; Coupon Ad Services; Coupons Unlimited; Delta Cloud LLC; Discount Coupon Sales; Dollar Web Sales Inc.; Dollar Web Sales LLC; Eastgate View LLC; ECloud Secure; ECloud Secure LLC; Gigatech; Idata; IData Clouds; I-Data Kloud; iKalls, LLC; Internet Transaction Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; ITeck LLC; ITeck-Cloud, Inc.; Level 2 Trading Inc.; Merchant Coupon Sales; My Kloud Box LLC; MyTerabyte LLC; Newagecloudservices LLC; NRG Support LLC; PCUpdate; Redeem Coupons; Redeem Coupons Now; Remote Digital Safe Box LLC a/k/a Remote Digital Safe LLC; Silver Safe Box Inc.; Silver Safe Box LLC; Storage VPN LLC; Streaming Coupons; Tech Connect; Unlimited Tech Direct; VPN Me Now LLC; and Wholesale Affiliate, <br><br> Plaintiff, <br><br> v. <br><br> THEODORE SAPPERSTEIN; HAYES CONSULTING LLC; and HAYES MARKETS LLC <br><br> Defendants. | Case No. <br><br> **CONFESSION OF JUDGMENT** |

The undersigned, THEODORE SAPPERSTEIN, HAYES CONSULTING LLC, and HAYES MARKETS LLC (collectively, "Defendants"), do hereby confess judgment in favor of the Plaintiff THOMAS W. MCNAMARA, the Court-Appointed Receiver for Add-On Coupon Services; Aurora Cloud Storage, Inc.; Be a Kloud LLC; Blue Water LLC; Cardservice Western States; CBX International Inc. (Delaware); CBX International, Inc. (Florida); Cloud Force Systems; Coupon Ad Services; Coupons Unlimited; Delta Cloud LLC; Discount Coupon Sales; Dollar Web Sales Inc.; Dollar Web Sales LLC; Eastgate View LLC; ECloud Secure; ECloud Secure LLC; Gigatech; Idata; IData Clouds; I-Data Kloud; iKalls, LLC; Internet Transaction Services, Inc.; Intertrans.com, Inc.; I-Support Group LLC; ITeck LLC; ITeck-Cloud, Inc.; Level 2 Trading Inc.; Merchant Coupon Sales; My Kloud Box LLC; MyTerabyte LLC; Newagecloudservices LLC; NRG Support LLC; PCUpdate; Redeem Coupons; Redeem Coupons Now; Remote Digital Safe Box LLC a/k/a Remote Digital Safe LLC; Silver Safe Box Inc.; Silver Safe Box LLC; Storage VPN LLC; Streaming Coupons; Tech Connect; Unlimited Tech Direct; VPN Me Now LLC; and Wholesale Affiliate ("Plaintiff") in the principal sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) less any payments previously made in the amount of $_____, and do hereby authorize the Clerk of the United States District Court for the Central District of California to enter judgment in the above-referenced judgment amount in favor of the Plaintiff based upon and pursuant to the terms of this Confession of Judgment.

The purpose of this Confession is to provide Plaintiff with a means to enforce payment by Defendants of money justly due and owing to Plaintiff in the event Defendants fail to make payment as required by the parties' agreement described more fully below.

///

///

///

Accordingly, Defendants hereby confess and agree pursuant to California Code of Civil Procedure §§ 1132-1134, and Plaintiff hereby agrees as follows:

Defendants admit and acknowledge that the sums set forth herein are to be paid to Plaintiff and constitute a security for the payment of an agreed upon amount to Plaintiff, without any admission of wrongdoing, fault, or waiver of any rights of Defendants, and as such, if not paid become a valid debt under the laws of the State of California and are not subject to any defense or counterclaim.

Defendants have agreed, among other things, to pay Plaintiff the sum of $225,000.00 as more specifically described in the Settlement Agreement dated evenly herewith.  This Confession of Judgment is intended as security for such payment.

This Confession of Judgment is made with the understanding that Plaintiff shall not file, record or execute upon this Confession of Judgment unless Defendants fail to make all payments required under the Settlement Agreement. Plaintiff will return this Confession of Judgment to Defendants' Attorneys upon Defendants payment of all sums due and owing under the Settlement Agreement.

In the event of default on the Settlement Agreement based upon Defendants' failure to timely make any of the payments required thereunder after any applicable cure period, Plaintiff may immediately file this Confession of Judgment by way of a noticed *ex parte* hearing against Defendants with the United States District Court for the Central District of California, accompanied by a certificate from Defendants' counsel as required by California Code of Civil Procedure §§ 1132(b) and 1133.  Defendants further agree that once this Confession of Judgment is filed, Plaintiff shall be free to record and execute upon this Confession of Judgment immediately and that Plaintiff shall have all rights and remedies

///

///

///

allowed by law as judgment creditor to collect such principal and/or interest, and attorneys' fees and costs incurred in the collection of this Confession of Judgment.

Dated: Nov 2, 2022

THEODORE SAPPERSTEIN

By: _____
Theodore Sapperstein

Dated: Nov 2, 2022

HAYES CONSULTING LLC

By: _____
Theodore Sapperstein

Title: Manager

Dated: Nov 2, 2022

HAYES MARKETS LLC

By: _____
Theodore Sapperstein

Title: Manager

3

CONFESSION OF JUDGMENT

EXHIBIT 1
Page 16